[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff alleges, by the fourth count of the amended complaint, that the defendants, owners of a business known as Kustom Kraft Cabinetry induced and encouraged the plaintiff to invest the sum of at least sixty thousand dollars into Kustom Craft. He alleges that the defendants in exchange therefore promised plaintiff a return on his investment equal to one third of Kustom Kraft's profits at the end of each year thereafter. He further alleges that the defendants misrepresented the financial circumstances of the business concerning outstanding debts and growth pattern of the business. He further alleges that the defendants had no intention of paying him any return on his investment, although there was sufficient income to do so, that they have refused to provide him with an accounting, have refused his request for written confirmation of his investment and denied him access to Kustom Kraft's books.
The defendants move to strike, claiming that the plaintiff has failed to allege any "consumer nexus". The Supreme Court of this state has specifically rejected the concept of a consumer relationship as pertains to CUTPA claims. "We previously have stated in no uncertain terms that CUTPA imposes no requirement of a consumer relationship. " Larsen Chelsey Realty Co. v. Larsen,232 Conn. 480, 496 (1995). Hence there is no requirement that the plaintiff be a consumer of the defendant's work or product, CT Page 1348 alleged to be the building and installation of kitchen cabinets.
The defendants claim that the claims here alleged, in this fourth count allege merely an internal dispute between business partners. This fourth count, however, does not allege an internal dispute among partners. Rather it alleges that the defendants induced him to invest in the business such as to provide the business with capital, with the promise of sharing in the profits of the business.
The necessity for raising capital to enable a business to function is an integral part of the business activity of most businesses. The plaintiff's fourth count claims in essence that the defendants accepted the money, yet have no interest in paying to the plaintiff any return on his investment, although capable of doing so. It appears that proof of such contention may well support a conclusion of an "established concept of unfairness", is offensive to "public policy" and may fit within the concept of "unethical" or "unscrupulous". See Daddona v. Liberty Mobile HomeSales, Inc., 209 Conn. 243, 254 (1988). It would further appear obvious that such contention, if proven would be supported by proof of an "ascertainable loss of money or property". General Statutes § 42-110g(a)
The fourth count sets forth a cause of action under CUTPA. The motion to strike the fourth count is denied.
L. Paul Sullivan, J.